EASTERN DIST. *April*, 1832.

BOURGUINON *vs.* BOUDOUSQUIE.

A creditor of the insolvent residing out of the parish where the proceedings take place, but within the state, is entitled to notice by letter from the notary.

---

**BOURGUINON *vs.* BOUDOUSQUIE.**

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

An attorney has no right to carry on a suit after the death of his client. In such case, the heirs must be cited.

This cause was *remanded* from the Supreme Court, and when called up for trial, the death of the defendant was suggested by his counsel, who moved for a *continuance*, until proper parties could be made, or the cause transferred to the Probate Court of the parish, where the defendant's succession was opened. The continuance was refused, a bill of exceptions taken, and the case ordered for trial.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Hennen,* for appellant, urged:

That the death of the defendant being suggested and admitted, the cause could not proceed, until a proper party defendant was made.

*Soulé,* for appellee.

*Martin, J.* delivered the opinion of the court.

This case was remanded from hence, at May term last, for a new trial; before it could take place, the defendant died, and his attorney suggested his death, and prayed that the case might be continued till his heirs might come or be brought in, or that it might be transferred to the Court of Probates of the parish, where the succession was opened, to be proceeded in contradictorily with the curator of the estate. The death was admitted, but the court denied the continuance, and the cause was ordered for trial. A bill of exceptions was taken.

There was judgment for the plaintiff, and with the consent of the plaintiff, an appeal was taken.

The appellee has not made any objection to the manner, in which the appeal is brought up.

It appears to us, the court erred. Heretofore, the defendant's attorney was considered as authorised to continue to defend the cause after his client's death, but this is one of those rules of practice, which are abrogated by the new code, which provides, (art. 120,) for the citation of the heir.

> An attorney has no right to carry on a suit after the death of his client—in such case the heirs must be cited.

We have doubted, whether this case should be remanded to the District Court, or be transferred to the Court of Probates. It is *admitted,* that the defendant is dead, and *suggested,* that there is a curator to this estate. As the plaintiff is not bound by his suggestion, we have adopted the first alternative.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; the verdict set aside, and the case remanded, to be proceeded in according to law, the appellee paying costs in this court.